IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                        CASE NO.: 4:07cr17-SPM

JORGE J. GUILLEN-PEREZ,

      Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

This cause comes before the Court on Defendant Jorge J. Guillen-Perez's motion to dismiss count two of the indictment (doc. 7), and the Government's response (doc. 23). For the following reasons, the motion to dismiss will be denied.

1.  Background

Defendant's indictment contains two counts. Count one charges Defendant with illegal reentry in violation of 8 U.S.C. § 1326(a). Specifically, it is alleged that Defendant was previously deported and then found to be unlawfully in the United States on January 24, 2007. Count two charges Defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A(c)(10). Specifically, it is alleged that Defendant possessed, without lawful authority, another person's means of identification (i.e. social security card) during and in relation to the

illegal reentry offense charged in count one.

The social security card referenced in count two is in the name of "Raul E. Martinez-Delgado." Defendant identified himself as Raul E. Martinez-Delgado to law enforcement officers who were responding to a domestic battery call in Tallahassee, Florida. After speaking to the victim, the officers arrested Defendant. During a search incident to arrest, officers recovered the social security card and a photo identification card of Defendant in the name of "Raul E. Martinez-Delgado."

Because Defendant represented himself to be someone else, the officers had a difficult time determining Defendant's true identity. In a further interview, Defendant admitted that he is a citizen of Nicaragua and that he had been previously deported by an immigration judge in New Jersey. Defendant stated that he bought the identification cards for $700.00 while living in Brooklyn, New York, and that he had used the social security card to obtain another identification card in Pennsylvania.

For Defendant to be found guilty of the offense in count two, the Government must show that his possession of the social security card was done "during and in relation to" his being found unlawfully in the United States, as charged in count one. Defendant argues that the phrase "in relation to" is so unclear that ordinary people can only guess at what is prohibited by the law.

Defendant explains that a person can possess the identity of someone

else to improve his life in a variety of ways, such as obtaining a driver's license, opening a bank account, obtaining medical treatment, or enrolling children in school. According to Defendant, use of false identification for these purposes could be deemed "in relation to" the crime of being in the United States unlawfully, depending on how broadly the term is construed.

Defendant concedes that someone who uses false identification to avoid being identified as an illegal alien can reasonably be held to have violated the law. In other cases, however, the violation is less clear. According to Defendant, the law does not provide sufficient guidance to prevent arbitrary and discriminatory enforcement, thereby making the law void for vagueness.

2. Analysis

Criminal laws must define prohibited conduct with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). When, as in this case, first amendment rights are not involved, vagueness challenges are evaluated based on the facts of the case at hand. Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 495 n.7 (1982). A defendant cannot base a vagueness challenge on hypothetical facts that may present close calls. Id. "[A]n as-applied vagueness challenge 'may be overcome in any specific case where reasonable persons would know that their conduct is at risk.'" United States v. Edgar, 304 F.3d 1320,

1327 (11th Cir. 2002) (quoting Maynard v. Cartwright, 486 U.S. 356, 361 (1988)).

In another context, the phrase "in relation to" has been interpreted and found to convey an intelligible standard for criminal liability. Smith v. United States, 508 U.S. 223, 237-38 (1993) overruled on other grounds by Baily v. United States, 516 U.S. 137 (1995). In Smith, the United States Supreme Court analyzed the term "in relation to" in the context of 18 U.S.C. § 924(c)(1), which proscribes the use of a firearm during and in relation to a crime of violence or drug trafficking crime. Id.

The Court explained that "[a]ccording to Webster's, 'in relation to' means 'with reference to' or 'as regards.'" Id. Although the phrase is broad, it "does illuminate § 924(c)(1)'s boundaries." Id. "The phrase 'in relation to' . . . clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Id. The firearm must "facilitate or have the potential of facilitating" the offense. Id. "A firearm being present at the scene by coincidence or for reasons entirely unrelated to the offense does not satisfy the 'in relation to' requirement." Id.

Other courts have explained that in determining whether the requirement is met, common-sense factors can be considered, such as the type of firearm and the circumstances under which the firearm is found. See Unites States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000). These factors help

distinguish between possession of a firearm that is unrelated to a drug offense and possession that is related to a drug offense. Id.

Looking to the particular circumstances of this case, Defendant allegedly identified himself as Raul E. Martinez-Delgado during the course of an arrest. A jury could reasonably find that Defendant used the false identification to avoid being identified as an illegal alien. Such conduct, Defendant admits, would be "in relation to" his immigration offense.

Working, moreover, is a common motive for persons who are unlawfully in the United States. Thus a social security card, more so than other forms of identification, can be possessed in relation to an immigration offense because the card is indicative of a person's ability to be and work legally in the United States.[1] If Defendant's reason for being in the United States is to work, then his possession of a social security card could be "in relation to" to the offense.

Based on the foregoing, the Court finds that in the context of this case, the charge in count two (possessing another person's means of identification during and in relation to the offense of being in the United States unlawfully) is not void for vagueness. A reasonable person would know that Defendant's alleged conduct in possessing a social security card and using that identification

---

[1] A social security card is issued only to United States citizens or to persons lawfully admitted to the United States. 20 C.F.R. § 422.107(d) and (e). A social security card also denotes eligibility to work in the United States unless it is annotated with a nonwork legend. 20 C.F.R. §§ 422.107(e), 422.103(e)(3).

CASE NO.: 4:07cr17-SPM

upon arrest is subject to prosecution under 18 U.S.C. § 1028A(c)(10).

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's motion to dismiss count two of the indictment (doc. 7) is denied.

DONE AND ORDERED this 14th day of May, 2007.

Stephan P. Mickle
United States District Judge